IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

| | | |
|---|---|---|
| NOLAN B. MATHEWS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. B-00-005 |
| LOCKHEED MARTIN CORPORATION, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM

Pending before the Court is Defendant Lockheed Martin Corporation's Motion for Summary Judgment (Docket No. 6). Plaintiff Nolan B. Mathews (Mathews) filed the present lawsuit claiming that Lockheed failed to pay him overtime in accordance with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, because he was a non-exempt employee. In the alternative, Mathews claims that if he were an exempt employee, then Lockheed failed to pay him overtime in accordance with its policy for exempt employees. Lockheed has moved for summary judgment asserting that 1) Mathews was a bona fide professional employee and therefore exempt from the Fair Labor Standards Act's overtime pay requirements, and 2) Lockheed properly applied its exempt overtime policy to Mathews. For the reasons discussed below, Lockheed's motion is granted and the case is dismissed with prejudice.

1

## STANDARD OF PROOF

Summary judgment is appropriate when the pleadings and the evidence show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 322 (1986); *Melton v. Teachers Ins. & Annuity Assoc. of Am.*, 114 F.3d 557, 559 (5th Cir. 1997). The applicable substantive law identifies those facts that are material and only disputes about those facts will preclude the granting of summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). There is a genuine issue of fact if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *See Society of Fin. Examiners v. Nat'l Ass'n of Certified Fraud Examiners, Inc.*, 41 F.3d 223, 226 (5th Cir. 1995).

The moving party bears the initial burden of showing that there is no genuine issue of fact for trial. *See National Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 712 (5th Cir. 1994). Where the nonmoving party bears the burden of proof on a claim upon which summary judgment is sought, the moving party may discharge its summary judgment burden by showing an absence of evidence in support of the nonmoving party's case. *See Celotex*, 477 U.S. at 325. Once a properly supported motion for summary judgment is presented, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial. *See Elliott v. Lynn*, 38 F.3d 188, 190 (5th Cir. 1994) (*citing Anderson*, 477 U.S. at 249). All reasonable doubts and inferences must be decided in the light most favorable to the party opposing the motion. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). Nonetheless, it takes more than "some metaphysical doubt as to the material facts" to satisfy this burden. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*, 475 U.S. 574, 586 (1986). The nonmoving party cannot avoid

summary judgment with only conclusory allegations or unsubstantiated assertions. *See Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990); *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994). Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322

## PLAINTIFF'S STATUS UNDER THE FLSA

As the employer, Lockheed bears the burden of proving that Mathews is exempt. *See Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974). The applicable test for whether Mathews qualifies as a professional is the following "short test" set forth in 29 C.F.R. § 541.3[1]:

> The term employee employed in a bona fide ... professional capacity ... shall mean any employee:
> (a) Whose primary duty consists of the performance of:
> (1) Work requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual or physical processes, ... and
> (b) Whose work requires the consistent exercise of discretion and judgment in its performance.

The rules and regulations promulgated by the Secretary of Labor provide guidance in determining what constitutes a "professional capacity." The term "profession" includes those which have a "recognized status and which are based on the acquirement of professional knowledge through prolonged study." *Id.* § 541.301. The regulations are silent as to how an occupation achieves such status. "Knowledge of an advanced type" is that which cannot be attained at the high school level. *See id.* § 541.302(b). Listed among those professions which meet the requirement for a "prolonged

---

[1] There is no dispute that defendant was paid a salary of more than $250 per week, so that the short test applies to him. *See* 29 C.F.R. § 541.3(e), .315; *Paul v. Petroleum Equip. Tools Co.*, 708 F.2d 168, 170 (5th Cir. 1983).

3

course of specialized intellectual instruction and study" are "various types of physical ... and biological sciences". *Id.* § 541.302(e)(1). An appropriate academic degree is prima facie evidence of the possession of professional training. *See id.* The work must be "predominantly intellectual and varied in character as opposed to routine mental, manual, mechanical, or physical work." *Id.* § 541.306(a). This test applies to the type of thinking required of the employee; he or she must not only take in information, which may be a routine procedure, but must also interpret the data. *See id.* The employee's actual duties and qualifications determine the exemption rather than the mere holding of a professional title. *See id.* § 541.308(a).

The "primary duty" of an employee is work that constitutes the major part, or more than fifty percent, of his or her time. *See id.* § 541.103. Time alone however is not the only test; the relative importance of the duties, the frequency with which the employee exercises discretion, and the relative freedom from supervision are all relevant considerations. *See id.* The employee's primary duty is that which is of principal importance to the employer, rather than collateral tasks which may take up more than fifty percent of his or her time. *See Dalheim v. KDFW-TV*, 918 F.2d 1220, 1227 (5th Cir. 1990).

Knowledge of an Advanced Type

The first question is whether Mathews' responsibilities required advanced knowledge. He asserts that no advanced knowledge was necessary for his job, characterizing his primary duties as engaging in routine tasks. He asks the Court to accept his assessment for two reasons. First, he characterize his duties during the last three years of his employment as being clerical in nature. Second, he argues that his duties required no higher education because non-engineers were

4

performing similar tasks. In his deposition Mathews portrays his day-to-day work as having few, if any, intellectual challenges.

However, Mathews' work history, along with Lockheed's summary of his responsibilities, paint the opposite picture. He holds a bachelor's degree in industrial technology and a master's degree in industrial education from Texas A&M University, College Station, Texas. As a senior industrial engineer for Lockheed, Mathews worked specifically on the Atlas rocket project, and was responsible for several crucial manufacturing and product control functions. During his employment, Lockheed presented Mathews with a job description for senior industrial engineers. The following list details the basic functions of a senior industrial engineer:

> Perform complex industrial engineering functions such as procedures development and standardization, work simplification, methods improvement, standards development and application, work measurement, maintenance or control functions and determination of the adequacy of existing budgetary time and cost controls.

A more detailed description of Mathews' position includes the following duties and responsibilities:

1. Perform cost, manpower and equipment estimating utilizing various engineering techniques;
2. Coordinate cost estimates and maintaining negotiation data support;
3. Make Determinations in the establishment of time standards, sequencing of manufacturing operations, production layouts and the independent solution of major problems;
4. Prepare, maintain and analyze manpower and cost budgets and investigate variances to determine problem areas and initiate corrective action;
5. Conduct in-depth analysis of allocable work orders, discrete labor, cost expenditures and indirect charges to Determine on-going expenditure and manpower requirements;
6. Develop and estimate various cost objectives and the relating manpower and skill requirements needed to provide program and manufacturing support and proper skill loading;
7. Develop and utilize advanced methods of analyzing various areas of production requirements; and
8. Preparing and maintaining reports, analyses and data pertaining to his area of responsibility.

This description of a senior industrial engineer's duties and responsibilities, as promulgated by Lockheed, weaken Mathews' self-serving assertions that he performed merely clerical tasks.

In his deposition, Mathews acknowledges that he performed the aforementioned duties during the first seven years with Lockheed. However, he claims that these duties ended when the plant where he worked became operational, leaving him to perform merely clerical functions. While it is possible that Mathews' duties may have decreased during his employment with Lockheed, the evidence before the Court clearly demonstrates that he was still required to perform duties in his professional capacity. For example, Mathews testified that he was assigned to a Kaizan[2] team to develop solutions to a specific problem. Further, he admits in his deposition that his job required him to develop solutions to problems even during these last three years of employment.

Lockheed evaluated its employees on an annual basis using the "Employee Performance and Assessment Development System" or "EPADS." Mathews received an "acceptable" rating, the second lowest rating available. In his EPADS reports, Mathews' supervisors criticized him for too often communicating that a problem existed rather than solving the problem. Mathews was told that he needed to develop alternate solutions prior to raising concerns. His supervisors informed him that improvement was needed in developing schedule scenarios, including crew loading and smoothing production load. The EPADS review also stated that Mathews was hesitant to accept additional tasks that required coordination with other areas of production. Mathews received these performance reviews during his last three years of employment, when he claims his duties were merely clerical in nature.

---

[2] "Kaizan" refers to a Japanese workplace efficiency concept designed to create lean manufacturing processes.

6

wardens to execute a number of complex tasks, which required routine procedures as well as developing plans, setting goals, and making recommendations, were a significant part of the wardens' primary duties for purposes of the professional exemption, even though they spent a significant amount of their time engaged in law enforcement activities. *See* 993 F.2d at 742-43. Mathews' responsibilities, similarly, required both routine and complex tasks. He performed routine tasks such as preparing and maintaining reports as well as complex tasks such as independently finding solutions to major problems. In addition, Mathews' superiors stressed the need for him to take the initiative in solving problems and implementing necessary solutions. Therefore, the duties relevant to the professional exemption appear to come within those the FLSA and its accompanying regulations contemplate as primary.

### Exercise of Discretion and Judgment

The next question is whether Mathews engaged in several activities that entailed the use of discretion and independent judgments with regard to his duties. In his deposition Mathews acknowledges that his job required him to develop solutions to problems, and it "crossed his mind" that he was responsible for developing solutions prior to supervisory intervention. The EPADS reviews, along with his enumerated job responsibilities, demonstrate that Mathews' job involved the use of independent judgment. In fact, his supervisors encouraged him to be more aggressive in his decision-making. The summary judgment evidence before this Court makes it clear that Mathews' job entailed the exercise of discretion and independent judgment.

The Court finds that Lockheed established that Mathews is exempt from the FLSA's overtime requirements and that he failed to demonstrate that there is a genuine issue of material fact as to his exempt status. Accordingly, summary judgment is warranted.

8

## OVERTIME PAY FOR EXEMPT EMPLOYEES

Mathews argues in the alternative that, even if he qualifies as an exempt employee, he was still not properly paid overtime under Lockheed's overtime policy for its exempt employees. However, in his own deposition, he stated, "I was paid according to this policy." (Mathews Depo. at 130) He further stated, "I can't remember a single instance where I was directed to work overtime that I didn't get paid for it." (Mathews Depo. at 131) Mathews addresses this issue merely by stating that "this is somewhat misleading because this statement does not differentiate between the time that [plaintiff] was just not paid for overtime work or for the time that he requested that directed pay be provided and it was not." While this may or may not be true, to withstand summary judgment, a party must set forth specific facts showing that there is a genuine issue for trial." *See Elliott*, 38 F.3d at 190. In this regard, Mathews failed to identify the specific facts necessary to resist Lockheed's motion or how those facts would have reasonably created a genuine issue of material fact. Summary judgment is therefore appropriate.

After careful consideration of said matter, the Court is of the opinion that Defendant Lockheed Martin Corporation's Motion for Summary Judgment (Docket No. 6) should be **GRANTED**. Plaintiff's lawsuit is **DISMISSED WITH PREJUDICE**.

DONE at Brownsville, Texas, on this the 20th day of October, 2000.

/s/ John Wm. Black
John Wm. Black
United States Magistrate Judge

9